**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GLENN WALLACE,**

        **Plaintiff,**

**v.**                                            **Civil Action No. 3:06cv90
                                                         (Judge Bailey)**

**LISA KIRKLAND, MR. LOUK,
AND MR. FRASHURE,**

        **Defendants.**

### PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION

On August 24, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971). On August 29, 2006, the plaintiff was granted permission to proceed as a pauper and was directed to pay an initial partial filing fee of $41.16 when funds became available.

Furthermore, on November 3, 2006, the plaintiff was directed to file proof of exhaustion. The plaintiff objected to the District Judge, who affirmed the Order on January 9, 2007. On January 22, 2007, the plaintiff filed an affidavit in which he concedes that his administrative remedies are not exhausted, but asserts that the defendants hindered his ability to do so. Therefore, the plaintiff requests that the exhaustion requirement by waived.

Upon a review of the complaint, the undersigned finds that even if the Court found it appropriate to waive the exhaustion requirement in this case, the plaintiff fails to state a claim for which relief can be granted and the complaint should be dismissed.

**I.   Standard of Review**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## II. Analysis

In the complaint, the plaintiff asserts that the defendants violated his Constitutional Rights as guaranteed by the First Amendment. Specifically, the plaintiff asserts that on or about February 16, 2006, he filed an administrative remedy against defendant Kirkland at approximately 9:30 a.m. In the administrative remedy, the plaintiff complained of defendant Kirkland's alleged lack of professionalism during an encounter the two had earlier that morning. The plaintiff asserts that as a result of the encounter, he contacted defendant Louk and requested to speak with the Camp

---

[1] Id. at 327.

2

Administrator.[2] Although defendant Louk told the plaintiff that he would notify the camp administrator of the situation, and gave the petitioner administrative remedy forms, the plaintiff asserts that the camp administrator was never called, that his administrative remedies were never processed, and that defendant Louk told defendant Kirkland what the plaintiff had done.

The plaintiff then asserts that at approximately 4:30 p.m. that afternoon, he was placed in the Special Housing Unit. The next day, the plaintiff received two incident reports. The first report charged the plaintiff with insolence toward staff and as being in an unauthorized area. The second report charged the plaintiff with telephone abuse and refusing to obey an order of staff. During the ensuing disciplinary hearing, the incident reports for being in an unauthorized area, for telephone abuse, and for refusing to obey an order of staff were expunged. However, the plaintiff was found guilty of insolence toward staff and received sanctions of loss of job and 45 days loss of commissary. In addition, the plaintiff was transferred from the camp facility to the medium security facility.

In the complaint, the plaintiff asserts that the defendants retaliated against him, or conspired to retaliate against him, for filing grievances.

**1. Defendant Frashure**

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability in a Bivens case, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal

---

[2] At the time, the plaintiff was housed at the camp facility of the Gilmer Federal Correctional Institution in Glenville, West Virginia.

involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim

Here, although the plaintiff asserts that defendant Frashure conspired to retaliate against him, the plaintiff fails to state how, if at all, defendant Frashure was involved in the alleged violations of his constitutional rights. Because the plaintiff has failed to allege any personal involvement on the part of defendant Frashure, that defendant should be dismissed from this action. See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there are no allegations against a defendant).

**2. Defendants Kirkland and Louk**

**A. Retaliation**

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). Therefore, *"in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Additionally, "a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights." American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993).

However, inmates do not have a constitutional right to participate in grievance procedures.

4

Adams, 40 F. 3d at 75. Thus, the plaintiff can state no retaliation claim regarding the filing of his grievances. Accordingly, the plaintiff's retaliation claim should be dismissed with prejudice for the failure to state a claim.[3]

### B. Conspiracy

To establish a civil conspiracy, a plaintiff must prove that two or more persons acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the plaintiff's deprivation of a constitutional right. Hinkle v. City of Clarksburg, WV, 81 F.3d 416 (4th Cir. 1996). Moreover, the plaintiff has a "weighty burden to establish a civil rights conspiracy." Id. at 421. While the plaintiff does not need to "produce direct evidence of a meeting of the minds, [he] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. In this case, that means the plaintiff must produce evidence that at least leads to the inference that the defendants had a mutual agreement to retaliate against him. Nevertheless, "mere speculation and conjecture will not suffice." Puglise v. Cobb County, 4 F.Supp.2d 1172, 1181 (N.D.Ga. 1998).

Here, the plaintiff provides no evidence which would lead to even an inference that the defendants had an agreement to retaliate against him. At best, the plaintiff offers speculation and conjecture, which is not sufficient to state a claim for conspiracy. Thus, the plaintiff has failed to establish that a civil conspiracy existed and his conspiracy claim should be dismissed.

### III. Recommendation

---

[3] To the extent raised, the plaintiff has also failed to state a claim that the defendants denied him access to the Courts under the Sixth Amendment. See Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996) (when alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct). As already noted, the plaintiff has failed to make any specific allegations that he was denied such access or to show any actual injury from the alleged conduct.

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. The failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 1, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE