**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**GLENN WALLACE,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 3:06CV90
                                           (Judge Bailey)**

**LISA KIRKLAND, CASE MANAGER LOUK,
and OFFICER FRASURE,**

      **Respondents.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull [Doc. No. 13], dated November 1, 2007, and the plaintiff's Objections [Doc. No. 16] thereto filed on November 28, 2007. The Court hereby notes that plaintiff's Objections were timely. Therefore, the Motion for Reconsideration [Doc. No. 17] is **GRANTED** and the Court will address the plaintiff's Objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and hereby is **ORDERED ADOPTED**.

Plaintiff objects to the magistrate judge's finding that the plaintiff failed to demonstrate how defendant Frashure violated his constitutional rights. Plaintiff cites his initial complaint where he alleged that Mr. Frashure did not call the camp administrator but rather told Mrs. Kirkland that the plaintiff wished to speak to a camp administrator. This Court fails to see how Mr. Frashure's actions violated the plaintiff's constitutional rights and

concurs with the magistrate judge in finding that there is no personal involvement by Mr. Frashure in violating the plaintiff's constitutional rights.

Plaintiff next objects to the magistrate judge's finding that inmates do not have a constitutional right to participate in grievance procedures and, therefore, no retaliation claim can be raised. Plaintiff argues that the right to access the court system applies to his situation. However, this Court finds that the law set forth in **Adams v. Rice**, 40 F.3d 72 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022, applies to the case at hand. In **Adams**, the Fourth Circuit stated that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." **Id**. at 75. If prisoners do not have a constitutional right to a grievance process, then there can be no basis for a retaliation claim against the defendants for allegedly failing to provide the plaintiff with access to the grievance process. Finally, plaintiff objects to the magistrate's finding that there was no conspiracy between the defendants. Plaintiff argues that he provided sufficient evidence to sustain a claim of conspiracy. However, this Court finds that Mr. Frashure's talking with Mrs. Kirkland rather than calling the camp counselor and Mr. Louk's failure to call the camp administrator does not rise to a level of the defendants "act[ing] jointly in concert and [with] some overt act [] done in furtherance of the conspiracy which resulted in [] deprivation of a constitutional right." **Hinkle v. City of Clarksburg, W.Va.**, 81 F.3d 416, 421 (4th Cir. 1996).

For the foregoing reasons and for the reasons stated in Magistrate Judge Kaull's Report and Recommendation [Doc. No. 13], the Court **ORDERS** that:

1. the plaintiff's complaint [Doc. No. 1] is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a

claim.

It is so **ORDERED.**

The Clerk is directed to transmit true copies of this Order to the plaintiff and all counsel of record.

**DATED:** March 14, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE